UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | **SACV 11-710 AG (MLGx)** | Date | May 10, 2011 |
|---|---|---|---|
| Title | HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR FBR SECURITIZATION TRUST 2005-3 v. JOSE NAVARRO, ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** **[IN CHAMBERS] ORDER REMANDING CASE**

Plaintiff HSBC Bank USA ("Plaintiff") filed this case in state court for unlawful detainer. Defendants Jose Navarro, et al. ("Defendants") then filed a Notice of Removal, which removed this case from state to federal court. For the reasons that follow, the Court REMANDS the case to state court.

Plaintiff's Complaint states a simple state cause of action for unlawful detainer. Defendants' Notice of Removal argues that federal jurisdiction is proper due to "Defendant's wrongful foreclosure practices which action arises under 28 USC. [sic] Section 1331." (Notice of Removal at 4.) But a review the Complaint makes clear that Defendant's argument fails. The Complaint does not rely on any federal law, so Defendants have not demonstrated a basis for federal jurisdiction. *See* 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002) ("Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [defendants] must demonstrate that original subject-matter jurisdiction lies in the federal courts.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-710 AG (MLGx)** | Date | May 10, 2011 |
|---|---|---|---|
| Title | HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR FBR SECURITIZATION TRUST 2005-3 v. JOSE NAVARRO, ET AL. | | |

Further, in unlawful detainer actions, "[s]peedy adjudication is desirable to prevent subjecting the landlord to undeserved economic loss and the tenant to unmerited harassment and dispossession when his lease or rental agreement gives him the right to peaceful and undisturbed possession of the property." *Lindsey v. Normet*, 405 U.S. 56, 73 (1972). Improper removal of unlawful detainer cases harms the concerns stated in *Lindsey*. Defendants are cautioned not to improperly seek federal jurisdiction, particularly for delay.

In sum, Defendants fail to establish that federal jurisdiction exists over this case. Thus, the case is REMANDED to Orange County Superior Court.

                                                                     :    0

Initials of Preparer      lmb